UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
M7 Indústria e Comércio de Compensados e
Laminados Ltda., Industrial Arbhores
Compensados EIRELI, and Instituto Brasileiro
de Certificações e Inspeções, Ltda.,

                     Plaintiffs,                              25-cv-4568 (PKC)


                -against-                                ORDER

U.S. STRUCTURAL PLYWOOD
INTEGRITY COALITION, an unincorporated
association; SCOTCH PLYWOOD CO., INC.,
an Alabama corporation; VENEER
PRODUCTS ACQUISITIONS, LLC, a
Delaware limited liability company d/b/a
SOUTHERN VENEER PRODUCTS,
SOUTHERN VENEER SPECIALTY
PRODUCTS, LLC, a Georgia limited liability
company; HUNT FOREST PRODUCTS, LLC,
a Louisiana limited liability company;
FRERES LUMBER CO., INC., an Oregon
corporation; MURPHY COMPANY, an
Oregon corporation; SDS LUMBER LLC, a
Washington limited liability company; and
SWANSON GROUP, INC., an Oregon
corporation,

                      Defendants.
-------------------------------------------------------------x

CASTEL, Senior District Judge


        It is most distressing to have the need to issue this Order.  In two instances, the

Plaintiffs' Memorandum [ECF 23] purports to quote from two federal cases in which the quotes

do not appear:

1. *See NYNEX Corp. v. Discon, Inc*, 525 U.S. 128, 135 (1998) ("Concerted refusals to deal or group boycotts are judged under the *per se* rule when the surrounding circumstances reveal a naked restraint of trade.").  [ECF 23 at 15]

2. "[W]here competitors collectively seek to deprive a rival of access to a market," the action "is not immunized merely because the defendants believe their cause to be just." *Int'l Railways of Cent. Am. v. United Brands Co.,* 532 F.2d 231, 239 (2d Cir. 1976).  [ECF 23 at 16]

Why is there a "need" for the Order?  Because if fake quotes are not dealt with appropriately, they will proliferate.  Tolerating them or ignoring them is a luxury the American judicial system cannot afford.

Why is it "distressing"?  Because of the widespread reporting on such phenomena since the spring of 2023, one would think that serious lawyers would be on their guard against fabrications, hallucinations and bogus material.  See Mata v. Avianca, Inc, 678 F. Supp. 3d 443 (S.D.N.Y. 2023).  It raises in the mind of the prudent jurist questions of what else the judge ought not trust in the lawyer's brief.  The distrust it breeds has the potential to hurt clients.

Within fourteen days of this Order, counsel signing the brief, Michael Stanton, shall file a declaration fully, truthfully and with complete candor explaining how this happened.  Also within fourteen days, Mr. Stanton shall certify that he has read every case cited in the memorandum and has checked to see whether it is accurately cited, accurately quoted, remains good law and stands for the proposition for which it is cited, noting any exceptions in his declaration.  The Court will thereafter decide whether and how to proceed further.

- 3 -

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:    New York, New York
          March 9, 2026